NUMBER 13-07-00620-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PATRICK EARL BOURGEOIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court of Jefferson County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Garza


 

 Appellant, Patrick Earl Bourgeois, was charged by indictment with burglary of a
building other than a habitation, a state jail felony. See Tex. Penal Code Ann. § 30.02(a),
(c)(1) (Vernon 2003). Pursuant to a plea agreement with the State, appellant pleaded
guilty to the offense. In accordance with the plea agreement, the trial court deferred any
finding of guilt, placed appellant on probation for four years, and assessed a $1,000 fine. 
On September 7, 2007, the trial court: (1) revoked appellant's probation in response to the
State's motion to revoke probation and appellant's admission that he violated a condition
of his probation; and (2) found appellant guilty of burglary of a building other than a
habitation. (1) The trial court subsequently sentenced appellant to two years' confinement
in the state jail and assessed $500.00 in restitution. See id. § 12.35(a) (Vernon Supp.
2007) (stating that "an individual adjudged guilty of a state jail felony shall be punished by
confinement in a state jail for any term of not more than two years or less than 180 days
. . . ."). Appellant now appeals the judgment of the trial court.

I. Anders Brief


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Bourgeois's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yields "no reversible error committed by the trial court and no arguable
issues." Although counsel's brief does not advance any arguable grounds of error, it does
present a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced on appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
appellant's counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's judgment. Counsel noted that appellant was properly admonished
at the time of the plea and counsel has not indicated that appellant entered into the plea
involuntarily. Counsel has informed this Court that he has: (1) examined the record and
found no arguable grounds to advance on appeal, (2) served a copy of the brief on
appellant, and (3) informed appellant of his right to review the record and to file a pro se
brief. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. On October 29,
2007, appellant's counsel filed a motion for extension of time to allow appellant time to file
a pro se brief with this Court if he so desired. We granted the motion and set the deadline
for November 25, 2007. Subsequently, appellant filed a pro se motion for extension of time
to file his pro se brief. Specifically, appellant requested the deadline be moved to
December 25, 2007. We granted appellant's motion for extension. The deadline has
passed and appellant has not filed a pro se brief.

II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744. We grant his motion
to withdraw. We further order counsel to notify appellant of the disposition of this appeal
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).



 DORI CONTRERAS GARZA, 

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 22nd day of May, 2008.

1. Appellant entered a plea of "True" to violating his probation by "failing to provide verification of
attending and successfully completing the SAFPF [Substance Abuse Felony Punishment Facility] program."